Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

*Attorneys for Plaintiffs,*
*and all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNYE DUFF and JANELLE HERNANDEZ AVITIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VXL ENTERPRISES LLC,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

## <u>INTRODUCTION</u>

1.     Plaintiffs Johnnye Duff and Janelle Hernandez Avitia ("Plaintiffs")

through their undersigned counsel, individually and on behalf of all others

similarly situated, file this Class and Collective Action Complaint against

Defendant VXL Enterprises LLC ("Defendant" or "VXL"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") and the California Labor Code §§ 203, 204, and 510.

2.    Plaintiffs were hired by VXL as registered nurses, supporting COVID-19 patients in a prison setting, and allege that they and other similarly situated VXL medical staff did not receive overtime pay for hours worked in excess of forty (40) in a workweek, and did not receive wages owed upon termination. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

3.    Plaintiffs bring their FLSA claim on behalf of a class of similarly situated medical staff who have worked for VXL during the past three years who may opt in to this case under the FLSA, 29 U.S.C. §§ 201, *et seq*. VXL has violated the FLSA by failing to pay these individuals overtime compensation for hours worked in excess of 40 a week.

4.    Plaintiffs also bring California state law claims under Rule 23 of the Federal Rules of Civil Procedure on behalf of similarly situated medical staff who have worked for VXL in California. VXL has violated the California Labor Code by: (1) failing to pay VXL staff overtime compensation for hours worked in excess of 40 a week; and (2) failing to pay Plaintiffs and the Class for all hours worked.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

5.      Plaintiffs and other employees also experienced a number of derivative issues from VXL's illegal wage and hour practices, including but not limited to not receiving all pay owing to them at the end of their employment. Additionally, compensation for off-the-clock work, and overtime, remains outstanding after termination.

## JURISDICTION AND VENUE

6.      The jurisdiction of this court is invoked pursuant to 29 U.S.C. §1331 because Plaintiffs have brought claims under the FLSA.

7.      This Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

8.      This Court also has subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). CAFA grants federal courts original jurisdiction over any class action in which the proposed class has at least 100 members, any member of the proposed class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs. At least one putative Class member is a citizen of a state different from Defendant. On information and belief, the amount in controversy exceeds $5 million.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

9.     Venue is properly in the Central District of California under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

10.     Plaintiff Johnnye Duff is an individual citizen and resident of Norfolk, Virginia. Plaintiff Duff, who worked for Defendant as a registered nurse, was assigned to the Federal Correctional Institution, Lompoc, a low-level security federal prison for male inmates in California, between approximately May 2020 and July 2020. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action. *See* Exhibit A.

11.     Plaintiff Janelle Hernandez Avitia is an individual citizen and resident of Fresno, California. Plaintiff Hernandez Avitia, who worked for Defendant as a registered nurse, was assigned to the Federal Correctional Institution, Lompoc, between approximately May 2020 and June 2020. Pursuant to 29 U.S.C. § 216(b), she has consented in writing to being a Plaintiff in this action. *See* Exhibit B.

12.     Defendant VXL Enterprises LLC is a Virginia company, with its principal place of business located at 701 Kenmore Ave., Ste. 230, Fredericksburg, Virginia 22401, that touts itself as a provider of "long term and contingency operation support, training, tactical and combat medical solutions, and critical logistical support []."

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

13.     The FLSA "Collective Members" are all current and former hourly paid staff of Defendant who were misclassified as independent contractors and were not paid all hours worked in the three-year period before the filing of this action to the present.

14.     The "California Class Members" are all current and former hourly paid staff of Defendant who were misclassified as independent contractors and were not paid all hours worked in the four-year period before the filing of this action to the present.

15.     The FLSA Collective Members and California Class Members shall be collectively referred to as "Class Members."

## FACTUAL ALLEGATIONS

16.     In or around May 2020, Plaintiffs Johnnye Duff and Janelle Hernandez Avitia were hired by VXL as part of a team of medical support staff in a prison setting supporting COVID-19 patients. Plaintiffs, who are Registered Nurses, were hired as independent contractors.

17.     Plaintiffs' contracts provide that they were to be paid at an hourly rate of $92.14. Plaintiffs also were to be paid per diem for the duration of days employed, and Defendant was to provide them with transportation, lodgings and meals.

18.     Plaintiffs performed their work for VXL at Lompoc, Federal

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Correction Institution, which is located in the Lompoc, California. VXL also hired medical support staff, whom VXL similarly misclassified as independent contractors, to support COVID-19 patients at three other prisons located in California: the California State Correctional Facility located in San Quentin, California, Folsom State Prison, and Avenal State Prison. Many Class members were assigned by VXL to work as independent contractors at more than one of these prisons.

19.     As here, VXL paid Class members on an hourly basis at the San Quintin, Folsom, and Avenal prisons and, although Class members assigned to each of these prisons typically worked twelve or more hours per day, VXL failed to pay them any overtime compensation for their work in excess of 40 hours per week.

20.     On March 23, 2021, the undersigned counsel for Plaintiffs filed a similar collective and class action against VXL in the U.S. District Court for the Northern District of California alleging that the Company misclassified its San Quintin medical staff as independent contractors. *See Leslie Avant v. VXL Enterprises LLC*, No. 4:21-cv-02016-YGR (N.D. Cal.).

21.     At the Lompoc prison, where Plaintiffs worked, there were approximately fifteen (15) nursing staff, three (3) physicians' assistants, three (3) to four (4) physicians, two (2) pharmacists, two (2) lab technicians, and ten (10)

EMTs/paramedics, performing work for VXL. Similarly, at the San Quentin location, VXL assigned anywhere from forty (40) to fifty (50) nursing staff, ten (10) to twenty (20) physicians, two (2) pharmacists, two (2) lab technicians and approximately ten (10) to twenty (20) Paramedics.

22.     Defendant provided transportation, lodgings and meals to Plaintiffs and other Class Members. VXL also provided scrubs and personal protective equipment ("PPE") to Plaintiffs and other Class Members. VXL promised to pay Plaintiffs and Class Members beginning the day they left their home residences until they landed back at their home residence.

23.     On May 7, 2020, Plaintiff Duff left her home and took a plane bound for Los Angeles.

24.     On or about May 8, 2020, Plaintiff Duff began her orientation. The next day, on or about May 9, 2020, Plaintiff Duff started performing her duties as a Registered Nurse at the Lompoc prison location, including stocking the facility and unloading equipment.

25.      Plaintiff Hernandez Avitia also started performing duties as a Registered Nurse at the Lompoc prison location in early May 2020.

26.     Plaintiffs and other Class Members were only paid for twelve (12) hours each day, as VXL utilized a 12-hour push schedule. Specifically, Plaintiffs and Class Members were told that the contract could only pay them for 24 hours

split between day shift and night shift, so they would only get paid for 12 hours.

27.    Plaintiffs and other Class Members were not paid overtime compensation (*i.e.*, one a half times their regular rate/hourly wage and/or double their regular rate/hourly wage) for hours they worked over eight hours in a workday or for hours they worked in excess of forty (40) hours a week.

28.    Plaintiffs and other Class Members were required to gather together and then travel to the prison facility in vehicles before the beginning of their scheduled twelve-hour shifts and to attend briefings and be escorted from the prison after their scheduled twelve-hour shifts were completed. Plaintiffs and other Class Members were not compensated for this time.

29.    VXL routinely required purported independent contractor medical staff to meet early and they were not permitted to leave until they were relieved by other VXL medical staff. Plaintiffs were expected to maintain 12 hours total inside of the prison walls.

30.    Plaintiffs and Class Members perform a service in the usual course of VXL's business, since VXL advertises, promotes, and engages in a medical services division that provides, in Defendant's words, "robust ongoing and contingency operation medical support," and VXL is a provider of "long term and contingency operation support, training, tactical and combat medical solutions, and critical logistical support []."

31.     Plaintiffs and Class Members have provided such medical support service on behalf of VXL. The medical staff at the Lompoc facility (and other California prisons) are integral to VXL's business. Without registered nurses, paramedics/emergency medical technicians ("EMT"), pharmacists, certified nursing assistants ("CNA"), lab technicians, and other medical support staff, VXL could not offer the services it provides in the usual course of its business.

32.     Plaintiffs and Class Members were also required to abide by a litany of VXL-mandated policies and rules designed to control the performance of their work. Plaintiffs and Class Members were not free to perform their work in the manner they wished, and instead, they were regularly and constantly micromanaged to ensure things were done VXL's way.

33.     VXL determined Plaintiffs' and Class Members' shift/work hours and required Plaintiffs and Class Members to check in and inform VXL where they were at all times via an "accountability" chat. VXL told workers when to be at work, required them to do a morning and evening "huddle," and instructed them on how to various prepare paperwork.

34.     VXL also imposed upon Plaintiffs and Class Members a set of uniform "Standard Operating Procedures," which included promulgating rules covering a wide range of medical issues, including infection control, patient intake, and inventory.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

35.   VXL arranged and controlled all transportation provided to Plaintiffs and Class Members. VXL booked and paid for flights, rented hotel rooms, and provided cars for the workers to carpool to and from the hotel and the worksite.

36.   Plaintiffs and Class Members were not allowed to work for other employers who provide the "same or similar services" as VXL while working for VXL. Additionally, all tools and materials required to perform the job were provided by VXL, including scrubs or uniforms, PPE, stethoscopes and other medical equipment, and even pens. VXL also provided workers' compensation insurance for Plaintiffs and Class Members.

37.   VXL's opportunity for profit and loss far exceeded Plaintiffs' and Class Members' opportunity for profit and loss. VXL also made all hiring decisions.

38.   Plaintiffs and Class Members were required to do VXL-work-related business that resulted in days greater than 12 hours, although they were only compensated for 12 hours of work. Plaintiffs and Class Members routinely worked over 13 hours a day, resulting in at least an hour of unpaid work each day. Thus, Plaintiffs and Class Members did not receive all compensation they were owed from VXL.

39.   VXL willfully misclassified Plaintiffs and Class Members as independent contractors. Plaintiffs, and those similarly situated, are current and/or

former medical staff who were employed by VXL to perform work throughout the State of California.

40.     Plaintiffs and the other Collective and California Class members were not paid a minimum guaranteed salary. Plaintiffs and other Collective and California Class members were paid hourly, and were paid only for the time they work. If they did not work, they did not get paid.

41.     Plaintiffs and other Collective and California Class members who worked for VXL worked significant amounts of overtime. On average, Plaintiffs and other Collective and Class members worked over 12 hours per day, 7 days per week.

42.     Although Plaintiffs and the other medical support staff worked 12 or more hours each day, they were not provided with required meal or rest breaks during their shifts. Moreover, Plaintiffs and Class Members were not allowed to leave their work site without permission from a supervisor.

43.     Plaintiffs and all other Class Members were paid on an hourly basis. They did not receive any overtime compensation and it was VXL's uniform policy not to pay Plaintiffs and all other Collective and California Class members overtime.

44.     Plaintiffs and the other California Class members received pay stubs which failed to list all the hours they worked, or listed the hours they worked

incorrectly. For example, Plaintiffs' paystubs listed a number of hours worked at their straight hourly rate, and an additional lump sum amount of pay, not broken down by hours.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

45.     Plaintiffs bring this action as a collective action under §216(b) of the FLSA, 29 U.S.C. §201, *et seq*. The putative members of the collective class action under the FLSA consist of all individuals who in the last three years were employed by Defendant in California, and who were: (a) misclassified as independent contractors; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "Collective").

46.     Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to properly pay Plaintiffs for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of VXL, and potential opt-ins may be easily and quickly notified of the pendency of this action.

47.     Defendant improperly benefited from Plaintiffs' and the Collective Members' uncompensated work. Defendant failed to pay Plaintiffs and Collective Members time-and-one-half their regular rate of pay for all hours worked beyond

forty (40) hours in a workweek.

48.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

49.     The members of the Collective are similarly situated, as they are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA. Defendant's unlawful conduct has been widespread, repeated and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiffs and the Collective Class.

50.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the Collective, and, as such, notice should be sent out to the FLSA Collective. There are numerous similarly situated, current and former employees of the Defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. Those similarly situated employees are known to Defendant and are readily

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

identifiable through Defendant's records.

51.     Plaintiffs also bring this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all individuals who were employed by Defendant in California, and who were: (a) misclassified as independent contractors; and/or (b) were not fully compensated for their time worked over forty (40) hours per week at overtime rates (the "California Class").

52.     *Numerosity*. The number of members in the California Class exceeds forty and in fact, is likely to be in the hundreds. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendant.

53.     *Typicality.* Plaintiffs' claims are typical of the California Class. Defendant's uniform policies and practices in violation of the law as alleged herein have caused Plaintiffs to sustain the same or similar injuries and damages. Defendant misclassified California Class members as independent contractors and failed to pay the California Class Members for all hours they worked. Additionally,

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as independent contractors. Further, the California Class Members were not paid the proper rate for overtime to which they were entitled under California law. Moreover, the California Class Members each received wage statements that failed to comply with California law. Thus, Plaintiffs and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices that failed to comply with California law. As such, Plaintiffs' claims are typical of the claims of the California Class.

54.     *Adequacy*. Plaintiffs are representative parties who will fairly and adequately protect the interests of the California Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiffs have retained attorneys who are competent and experienced in both class actions and wage and hour litigation. Plaintiffs do not have any interest that may be contrary to or in conflict with the claims of the California Class they seek to represent.

55.     *Existence and Predominance of Common Questions*. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a.     Whether Plaintiffs and the California Class were misclassified as

independent contractors;

b.    Whether Defendant failed to compensate Plaintiffs and the California Class for all hours worked, including overtime compensation, in violation of the California Labor Code and Wage Orders;

c.    Whether Defendant failed to timely pay Plaintiffs and the California Class unpaid wages and overtime due upon their separation from employment with Defendant;

d.    Whether Plaintiffs and the California Class are entitled to compensatory damages;

e.    The proper measure of damages sustained by Plaintiffs and the California Class; and

f.    Whether Defendant's conduct was "willful."

56.    *Superiority*. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

57.    Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages

to Plaintiffs and the California Class. Plaintiffs envision no difficulty in the management of this action as a class action.

58.     The claims of the named Plaintiffs are representative of and similar to the claims of the California Class, the named Plaintiffs and their attorneys can adequately protect the interests of the California Class and are not in conflict with any members of the California Class. The claims of the named Plaintiffs are typical of the claims of the California Class. Further, treating this action as a class and collective action would be far preferable to permitting numerous individual actions. Further, since all of the members of the California Class were subject to the same overarching violations of law, namely being deprived of overtime pay, being required to work off-the-clock, being deprived of accurate wage statements, and being deprived of meal and rest breaks, there are common issues of law and fact that will predominate over individualized issues.

## **FIRST CLAIM FOR RELIEF**

Violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
On Behalf of Plaintiffs and the FLSA Collective Class

59.     Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

60.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

61.    The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

62.    VXL is subject to the wage requirements of the FLSA because VXL is an employer under 29 U.S.C. § 203(d).

63.    At all relevant times, VXL was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

64.    During all relevant times, Plaintiffs and the Collective Members were covered employees entitled to the above-described protections of the FLSA. *See* 29 U.S.C. § 203(e).

65.    Plaintiffs and the Collective Members are not exempt from the requirements of the FLSA.

66.    Plaintiffs and the Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

67.    By misclassifying Plaintiffs and the FLSA Collective Members as independent contractors, thereby exempting them from the requirements of the

FLSA, VXL knowingly failed to compensate Plaintiffs and Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1). Plaintiffs and the Collective Members were also not paid the full amount of overtime wages due under the FLSA as a result of Defendant's failure and refusal to include all renumeration in the calculation of the regular rate of pay for purposes of paying overtime wages.

68.     In violating the FLSA, VXL acted willfully and with reckless disregard of clearly applicable FLSA provisions.

69.     In violating the FLSA, on information and belief, VXL did not have any good faith basis to rely on any legal opinion or advice to the contrary.

70.     This claim is brought on behalf of a class of similarly situated individuals who may choose to "opt in" to this case, pursuant to 29 U.S.C. § 216(b).

## **SECOND CLAIM FOR RELIEF**

Failure to Pay All Wages and Overtime
Violation of Cal. Labor Code §§ 204, 510 and 1194
On Behalf of Plaintiffs and the California Class

71.     Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

72.     Under California law, Defendant was required to pay wages for each hour worked and overtime wages at one-and-a-half times the employee's regular rate of pay for all hours worked in excess of eight, up to and including 12 hours in a workday, and double the employee's regular rate of pay for all hours worked in excess of 12 in a workday.

73.     VXL failed to pay Plaintiffs and Class Members overtime at the appropriate rate required by Cal. Lab. Code §510, since Plaintiffs and Class Members worked for Defendant without being paid overtime.

74.     Pursuant to Cal. Lab. Code §1194, Plaintiffs and California Class members are entitled to recovery of unpaid compensation, including overtime, as well as attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

Willful Failure to Pay all Wages Upon Separation
Violation Of Cal. Labor Code §§ 201, 202, 203
On Behalf of Plaintiffs and the California Class

75.     Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

76.     California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation. California Labor Code § 203 provides that in instances that an employer willfully fails to pay all wages owing within the proscribed time

limits, the employer must continue to pay the subject employee wages until the wages are paid in full. An employee need not prove malice or intentional conduct in establishing a claim for waiting time penalties, but rather must merely establish that the employer did not pay as it was obligated to do.

77.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

78.     Plaintiffs and other members of the California Class have been terminated and/or left their employment with Defendant during the statutory period. At the time Plaintiffs' and other California Class members' employment ended with Defendant, Defendant owed Plaintiffs and other California Class members unpaid wages.

79.     Defendant willfully refused to timely pay all the wages that were due and owing, including overtime pay and premium pay for missed meal and rest breaks, to Plaintiffs and all other proposed California Class members whose employment with Defendant has ended or been terminated at any point during the statutory period.

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

80.     Accordingly, during all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiffs and California Class members who are no longer employed by Defendant all wages owed as alleged herein. Defendant is therefore liable to Plaintiffs and other formerly employed members of the proposed California Class for waiting time penalties as required by California Labor Code §§ 203 and 218.

81.     Plaintiffs on behalf of themselves and on behalf of California Class members who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

## **PRAYER FOR RELIEF**

**Plaintiffs, on behalf of themselves and the Collective Class, pray that the Court:**

a.      Allow Plaintiffs to give notice of this collective action, or that the Court issue such notice, to the Collective Members as defined herein so that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were denied unpaid wages;

b.      Certify that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

c.      Appointment of Plaintiffs' counsel as Lead Counsel for the Collective

Class;

d.      Order preliminary, permanent, mandatory injunctive relief prohibiting

Defendant, their officers, agents, and all those acting in concert with

it, from committing in the future those violations of law herein

alleged;

e.      Find that Defendant's policies and/or practices described above

violate the FLSA;

f.      An award of damages, liquidated damages, restitution, and/or

statutory penalties to be paid by Defendant for the claims alleged

herein;

g.      An award interest, costs, and expenses, including reasonable

attorneys' fees and expert fees; and

h.      All such other relief the Court deems just and proper.

**Plaintiffs, on behalf of themselves and the California Class Members,**

**pray that the Court:**

a.      Certification of this action as a class action pursuant to Federal Rule

23 and the appointment of Plaintiffs as the representative of the

California Class and Plaintiffs' counsel as Lead Counsel for the

California Class;

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

b.    An award to Plaintiffs and California Class members of damages for the amount of unpaid overtime in addition to interest subject to proof;

c.    An award to Plaintiffs and California Class members of any waiting time penalties under § 203 et seq.  of the California Labor Code;

d.    An award to Plaintiffs and California Class members of restitution under the UCL;

e.    An award of pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

f.    An award of reasonable attorneys' fees pursuant to sections 226(e) and 1194 of the California Labor Code and/or pursuant to Cal. Code of Civ. Procedure section 1021.5;

g.    An award of costs of suit;

h.    A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and/or the UCL;

i.    All such other relief as this Court shall deem just and proper.

Dated: November 10, 2021                    Respectfully submitted,

By:    */s/ Daniel Feder*

DANIEL FEDER

**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476

24
CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN: 248958)
**Edelson Lechtzin LLP**
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com


*Attorneys for Plaintiffs*
*and the putative class*

CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

## PLAINTIFFS DEMAND TRIAL BY JURY.

Dated: November 11 2021

Respectfully submitted,

By:      /s/ Daniel Feder

DANIEL FEDER

**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Eric Lechtzin (SBN: 248958)
**Edelson Lechtzin LLP**
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
Facsimile: (267) 685-0676
elechtzin@edelson-law.com

*Attorneys for Plaintiffs*
*and the putative class*

# **EXHIBIT A**

**CONSENT TO JOIN CLASS AND COLLECTIVE ACTION**

1.      I consent and agree to pursue my claims arising out my employment with VXL Enterprises, LLC and/or related entities and individuals ("VXL").

2.      I work/worked as an independent contractor for VXL from on or about __May 2020__ (month, year) to on or about __July 2020__ (month, year) at the following location(s) __Lompoc Federl Correction__.

3.      I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. I hereby consent, agree, and "opt in" to become a plaintiff in this lawsuit and to be bound by any judgment by the Court or any settlement of this action.

4.      I hereby designate Plaintiffs' Counsel, the Law Offices of Daniel Feder, in San Francisco, California; and Edelson Lechtzin LLP, in Newtown, Pennsylvania (collectively, the "Firms"), to represent me for all purposes in this action.

5.      I also designate the named plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with the Firms concerning representation (with the understanding that the Firms are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees) and all other matters pertaining to this lawsuit.

Signature: _____

Date: __10/30/2021_____

Name: __Johnnye Duff_____

Address: __1307 West Ocean View Avenue__
__Norfolk, VA 23503__

Telephone: __757-803-7294_____

E-Mail: __jbduff17@gmail.com_____

DocuSign Envelope ID: BFC6251E-0BD0-4C4B-AB1B-C914FB3388B1

**COMPLETE AND RETURN TO:**
EDELSON LECHTZIN LLP
ATTN: Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399
Fax: (617) 994-5801
elechtzin@edelson-law.com

# **<u>EXHIBIT B</u>**

## CONSENT TO JOIN CLASS AND COLLECTIVE ACTION

1.      I consent and agree to pursue my claims arising out my employment with VXL Enterprises, LLC and/or related entities and individuals ("VXL").

2.      I work/worked as an independent contractor for VXL from on or about _May, 2020_____ (month, year) to on or about _____June 2020_____ (month, year) at the following location(s) _____Lompoc, Ca_____.

3.      I understand that this lawsuit is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. I hereby consent, agree, and "opt in" to become a plaintiff in this lawsuit and to be bound by any judgment by the Court or any settlement of this action.

4.      I hereby designate Plaintiffs' Counsel, the Law Offices of Daniel Feder, in San Francisco, California; and Edelson Lechtzin LLP, in Newtown, Pennsylvania (collectively, the "Firms"), to represent me for all purposes in this action.

5.      I also designate the named plaintiff in this action, the collective action representative, as my agent to make decisions on my behalf concerning the litigation, including the method and manner of conducting this litigation, entering into settlement agreements, entering into an agreement with the Firms concerning representation (with the understanding that the Firms are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees) and all other matters pertaining to this lawsuit.

Signature: _____

Date: _____11/9/2021_____

Name: _____Janelle Hernandez Avitia_____

Address: _____2426 W. Lansing Way_____
              _____Fresno, CA 93705_____

Telephone: _____209-628-0315_____

E-Mail: _____avitia.janelle@gmail.com_____

**COMPLETE AND RETURN TO:**
EDELSON LECHTZIN LLP
ATTN: Eric Lechtzin
3 Terry Drive, Suite 205
Newtown, PA 18940
Tel: (215) 867-2399
Fax: (617) 994-5801
elechtzin@edelson-law.com